UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE: )
) Case No. 21-14587-KHT
AFFORDABLE CONCRETE, LLC )
) Chapter 11, Subchapter V
)
Debtor. )

**ORDER CONFIRMING SECOND AMENDED AND RESTATED
PLAN OF REORGANIZATION DATED DECEMBER 1, 2021
FOR SMALL BUSINESS UNDER CHAPTER 11, SUBCHAPTER V**

The *Second Amended and Restated Plan of Reorganization Dated December 1, 2021 for Small Business Under Chapter 11, Subchapter V* (Docket No. 241) ("Plan") under Chapter 11 of the Bankruptcy Code filed by Affordable Concrete, LLC ("Debtor") having come before the Court for confirmation, no objections to confirmation of the Plan having been filed, the Court having considered the Declaration of Roger Bartlett in Support of Confirmation of the Plan, the Court having reviewed the file, finds and Orders as follows:

1. That the Debtor has complied with all applicable provisions of Chapter 11, Subchapter V of the Bankruptcy Code and the Plan meets the requirements of Sections 1190 and 1191(a) of the Bankruptcy Code.

2. The provisions of Chapter 11 of the Bankruptcy Code have been complied with, in that the Plan has been proposed in good faith and not by any means forbidden by law.

3. That all insiders involved in the Debtor's post-confirmation activities are disclosed in the Plan and the exhibits thereto along with their relationship to and compensation from the Debtor.

4. That there exists no governmental regulatory commission having jurisdiction over the Debtor on setting rates and fees.

5. That each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date of the Plan[1], that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code.

6. That all payments made or promised by the Debtor under the Plan or by any other person for services or costs and expenses in or in connection with the Plan or incident to the case have been fully disclosed to the Court and are reasonable or if to be fixed after confirmation of the Plan will be subject to approval of the Court.

---

[1] Capitalized terms not defined in this order shall have the meanings ascribed to them in the Plan.

7. That all of attorney fees incurred pre-confirmation shall be subject to Court approval as to reasonableness pursuant to the applicable provisions of the Bankruptcy Code.

8. That the Debtor has filed an Amended Summary of Voting Results (Docket No. 121) which provided, in part, as follows:

   a. Class 1 consists of the Allowed Claims Pursuant to 11 U.S.C. § 507(a)(4) and (a)(5). Class 1 is unimpaired and is deemed to have accepted the Plan.

   b. Class 2 consists of the Allowed Secured Claim held by the Small Business Administration. Class 2 is unimpaired and is deemed to have accepted the Plan.

   c. Class 3 consists of the Allowed Secured Claim held by CNH Industrial Capital America, LLC. Class 3 is impaired under the Plan. The Class 3 Claimant has not voted to accept or reject the Plan, and is therefore deemed to have accepted the Plan. *In re Ruti Sweetwater*, 836 F.2d 1263 (10th Cir. 1988).

   d. Class 4a consists of the Allowed Secured Claim held by Ally Bank, secured by a lien on the Debtor's 2016 GMC Sierra 2500. Class 4a is impaired under the Plan. The Class 4a Claimant has not voted to accept or reject the Plan, and is therefore deemed to have accepted the Plan.

   e. Class 4b consists of the Allowed Secured Claim held by Ally Bank, secured by a lien on the Debtor's 2019 GMC Medium-Duty Sierra 3500HD. Class 4b is impaired under the Plan. The Class 4b Claimant has not voted to accept or reject the Plan, and is therefore deemed to have accepted the Plan.

   f. Class 4c consists of the Allowed Secured Claim held by ABC Autos by Chavez. Class 4c is impaired under the Plan. The Class 4c Claimant has not voted to accept or reject the Plan, and is therefore deemed to have accepted the Plan.

   g. Class 5 consists of the Allowed Secured Claim held by Ryan and Deanna Pavlovec. The Class 5 Claim was paid in full during the pendency of the Debtor's bankruptcy case.

   h. Class 6 consists of the Allowed Secured Claim held by Frances Fitzgerald. The Class 6 Claim was paid in full during the pendency of the Debtor's bankruptcy case.

   i. Class 7 consists of the Allowed Secured Claim held by Argonaut Insurance Company. Class 7 is impaired under the Plan. The Class 7 Claimant has not voted to accept or reject the Plan, and is therefore deemed to have accepted the Plan.

   j. Class 8 consists of the claims of unsecured creditors. Class 8 is impaired and has voted to accept the Plan.

9. That on the Effective Date of the Plan, all property of the estate will revest in the Debtor free and clear of all liens and claims, except as otherwise provided in the Plan or this Order.

9. That the Debtor shall receive a discharge pursuant to Section 1141(d) upon the Effective Date of the Plan of all claims in accordance with 11 U.S.C. 1191(a) and 1192. Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Effective Date.

10. That any objections to confirmation of the Plan having been withdrawn, resolved, or overruled.

11. The Plan otherwise meets the requirements for confirmation specified under 11 U.S.C. §1129.

IT IS HEREBY ORDERED

That the *Second Amended and Restated Plan of Reorganization Dated December 1, 2021 for Small Business Under Chapter 11, Subchapter V* (Docket No. 241), filed by the Debtor on August 19, 2022, by this Order is hereby CONFIRMED.

DONE and entered this 25th day of August, 2022 at Denver, Colorado.

BY THE COURT:

_____
Honorable Kimberley H. Tyson
United States Bankruptcy Court Chief Judge